552 So.2d 513 (1989)
STATE of Louisiana, Appellee,
v.
Donell COLEMAN, Appellant.
No. 21018-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
Rehearing Denied December 1, 1989.
*514 Hunter, Scott, Blue, Johnson & Ross by Robert C. Johnson, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., C. Mark Donahoe, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, C.J., and NORRIS and LINDSAY, JJ.
HALL, Chief Judge.
Defendant, Donell Coleman, was charged by bill of information with possession of a controlled dangerous substance, marijuana, with intent to distribute, in violation of LSA-R.S. 40:966. He was tried before a jury of 12 persons and convicted with ten jurors concurring in the guilty verdict. He was sentenced to 15 years at hard labor. He appeals asserting that the evidence is insufficient to support a conviction of possession with intent to distribute, that the trial court improperly denied his request for a jury charge, that the trial court failed to comply with LSA-C.Cr.P. Art. 894.1, and that his sentence is excessive.

FACTS
Officers with the Metro Narcotics Unit of the Monroe Police Department began a drug investigation at the corner of Renwick Street and U.S. Hwy. 165 in Monroe on July 13, 1988. At this intersection is a vacant lot which was known to be a drug trafficking area. Detective Kirk Peterson and Sgt. Jay Via approached the lot in one vehicle, while Detectives Jerry Stansbury and James Fried approached the lot from another direction. As Peterson and Via approached the lot, they spotted two black males standing in the center of the vacant lot. Via stated that he saw the defendant holding a paper bag. Via stated that when he and Peterson exited their vehicle, he saw the defendant drop the paper bag and begin to ease away. Detective Stansbury and Fried approached the defendant from the opposite direction and stopped him. Via then instructed Stansbury to the area where he had seen the defendant drop the paper bag. Stansbury went to the area and retrieved the paper bag. He delivered the paper bag to Detective Peterson who opened it and discovered 32 baggies containing vegetable material believed to be marijuana. The defendant was then arrested for possession of marijuana with intent to distribute. The vegetable material was later tested and in fact was determined to be marijuana.

INSUFFICIENCY OF EVIDENCE
Defendant asserts that there is insufficient evidence in the record to support his conviction of possession with intent to distribute. The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984); State v. Hobbs, 494 So.2d 1246 (La.App. 2d Cir.1986). The statutory rule as to circumstantial evidence provided for in LSA-R.S. 15:438 is that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The essential elements of possession with intent to distribute that the state must prove beyond a reasonable *515 doubt are: (1) the defendant knowingly or intentionally; (2) possessed marijuana; (3) with the intent to distribute.
Officer Via testified that he saw the defendant holding the paper bag as he and Detective Peterson approached the vacant lot. Further, he stated that he saw the defendant throw the bag to the ground. His testimony is supported by the fact that Detective Stansbury was able to retrieve the bag from the location that Sgt. Via said it would be. The officers all testified that no one moved through the area while they were conducting this investigation. From this testimony, we conclude that a rational jury could have found beyond a reasonable doubt that the defendant possessed marijuana.
As the officers exited their cars and moved toward the defendant, he threw down the bag and began to ease away. We find that, given defendant's actions, it was reasonable for a jury to find beyond a reasonable doubt that the defendant knew of the bag's contents.
The state relied on expert testimony and circumstantial evidence to prove the defendant's intent to distribute. Factors useful in determining whether circumstantial evidence is sufficient to prove an intent to distribute a controlled dangerous substance include: 1) whether the defendant ever distributed or attempted to distribute any marijuana; 2) whether there was marijuana in a form usually associated with marijuana possessed for distribution to others; 3) whether the amount was such as to create a presumption of an intent to distribute; 4) expert or other testimony that such an amount as found in the defendant's possession is inconsistent with personal use only; and 5) evidence of any paraphernalia, such as baggies or scales, evidencing an intent to distribute. State v. House, 325 So.2d 222 (La.1975); State v. Green, 508 So.2d 602 (La.App. 2d Cir.1987); State v. Green, 524 So.2d 927 (La.App. 2d Cir.1988).
The state did not offer any evidence which tended to show either House factor no. 1[1] or House factor no. 5[2]. In regards to House factor no. 4, the state offered no testimony, expert or otherwise, that the amount of drugs found in defendant's possession was inconsistent with personal use. This leaves only House factors no. 2 and no. 3 for our consideration. The state offered testimony that 32 "dime" bags, $10 bags, were seized from the defendant. Officers stated that this form of packaging was common for distribution in the area. Officer Peterson stated this form of packaging was the only way he had ever seen the drugs sold in this area. Therefore, the state proved that the marijuana was packaged in a form usually associated with distribution.
In consideration of House factor no. 3 mere possession of marijuana is not evidence of intent to distribute unless the quantity is so large that no other inference is reasonable. State v. Greenway, 422 So.2d 1146 (La.1982). The only evidence in the record concerning the amount of marijuana involved in this transaction is that it was 32 "dime" bags. Further, all that the record reveals about a "dime" bag of marijuana is that it cost $10. There is no evidence as to how much marijuana by weight is contained in a dime bag or the number of cigarettes which may be rolled from a dime bag. There was simply no evidence for the jury to consider in deciding whether this was an amount of marijuana sufficient to create a presumption of intent to distribute.
Because the state has only proven one of the five House factors, we conclude that it has not met its burden of proving intent to distribute beyond a reasonable doubt. Without more evidence, it is just as reasonable to assume that the defendant bought the drugs in the packaged form for his personal use, especially considering Officer Peterson's testimony that this form was the only way to buy the drug in the area *516 and that there was no testimony concerning whether this amount was inconsistent with personal use. Accordingly, defendant's conviction of possession of marijuana with intent to distribute is set aside.
However, the discharge of a defendant is neither necessary nor proper when the evidence supports a conviction of a lesser and included offense which is a legislatively authorized responsive verdict. LSA-C. Cr.P. Art. 821(E); State v. Byrd, 385 So.2d 248 (La.1980). Viewing the evidence in the light most favorable to the prosecution, we find that all of the elements of the crime of possession of marijuana were proved beyond a reasonable doubt. The verdict of guilty of the greater offense of possession with intent to distribute marijuana explicitly reflects the finding that the defendant possessed marijuana. See State v. Byrd, supra. Possession of marijuana is a legislatively authorized responsive verdict to a charge of possession of marijuana with intent to distribute. LSA-C.Cr.P. Art. 814(A)(49).
Because defendant's sentence is set aside, it is not necessary to consider his other assignments of error.

DECREE
For the above reasons, the defendant's conviction of possession of marijuana with intent to distribute and his sentence therefor are set aside, and this case is remanded to the trial court with instructions to enter a judgment of guilty of possession of marijuana and to sentence the defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE, REMANDED TO ENTER JUDGMENT OF GUILTY OF LESSER INCLUDED OFFENSE AND FOR SENTENCING.

ON APPLICATION FOR REHEARING
Before HALL, NORRIS, LINDSAY, MARVIN and SEXTON, JJ.
Rehearing denied.
NOTES
[1] Although the defendant had a previous conviction for possession of marijuana, the state did not introduce any evidence concerning this conviction at trial.
[2] The state's witnesses testified that they usually did not find drug paraphernalia in association with drug arrests in this area.