ARMSTRONG, Judge.
Defendant, Terrell V. Sterling, was charged by bill of information with possession with intent to distribute cocaine, a violation of La.R.S. 40:967, and possession of heroin, a violation of La.R.S. 40:966. Following a trial by jury he was found guilty as charged of possession with intent to distribute cocaine, and not guilty of possession of heroin. He was subsequently *1338 sentenced to serve twenty years at hard labor. Defendant now appeals.
On June 13, 1985, after receiving information that drugs were being sold from 1409 South Johnson Street, apartment “D”, police arranged for a confidential informant to make a controlled purchase of heroin at that address from a subject named Milton Isaacs. After the purchase was made police obtained a search warrant for the apartment.
The search warrant was executed at 3:00 P.M. on June 18, 1985 by a group of police officers. Officer Steve Imbraguglio testified that he and his partner, Officer Jeffery Robertson, acting as decoys, drove up to the front of the building in an unmarked police vehicle to attract the attention of a group of men gathered outside. Officers Imbraguglio and Robertson approached the men while other officers proceeded to the rear of apartment “D”, which was located on the second floor. Imbraguglio testified that he and Robertson identified themselves as police officers and asked the men if they had any weapons. Officer Imbra-guglio stated that he and his partner questioned the men for several minutes, but that none of them were arrested, and after questioning, they were free to go.
After knocking on the rear door, receiving no response, and hearing sounds from inside the apartment, Officers Ortero, Joa-no, Palermo, Bibbins, and Cooke forced entry into the apartment. After entering, Officers Ortero, Joanos, and Bibbins observed the defendant and a subject named Brian Coleman in the living room. No one else was in the apartment. Coleman attempted to flee through the bedroom but was apprehended by one officer. The defendant fled through the front door of the apartment but was apprehended by Officer Ortero. A search of the apartment led to the discovery of a matchbox and a film canister, each containing individual packets of cocaine. Also recovered was a container with heroin in it, a gram scale, a gun, and a substance used to dilute cocaine.
After these items were found the defendant was arrested for possession of heroin and possession with intent to distribute cocaine. Officer Ortero subsequently searched the defendant and found a clear plastic bag containing eight smaller bags of cocaine in his left trouser pocket. Four hundred and ninety-one dollars was found in his right pants pocket. Officer Joanos viewed this search'and seizure of evidence from the person of the defendant.
Officer Michael Glasser testified as an expert in the field of the packaging and distribution of controlled dangerous substances such as cocaine. The defense stipulated to his status as an expert. Officer Glasser testified that the packaging of the cocaine found in defendant’s pocket, eight small bags in a larger bag, was consistent with packaging for retail sales. He also stated that the wad of money recovered from the defendant, $491.00, was consistent, as to the amount and denominations of the currency, with what would be carried by a distributor of illegal drugs. He also admitted that the money would be consistent “perhaps, with a number of things.”
Casandra Scott, the actual lessee of the apartment in question, testified that she only knew the defendant by sight and had not given him access to her apartment. She was absent from the apartment at the time of the search, and denied ownership of any of the seized contraband.
The defendant testified that he had been shooting dice in the front porch/hallway of the building when someone yelled “police” and the gamblers scattered. He stated that he was arrested in the hallway by police officers who came down the stairs. He said that police seized some money from him, “maybe close to three hundred dollars,” but no drugs. He denied being in apartment “D” when police entered, but said that he was brought there by police after being arrested.
Brian Coleman also testified that he and the defendant were shooting dice downstairs in the hallway when the police arrived. He said he ran upstairs, following another person into apartment “D.” He attempted to run through the bedroom and *1339 climb out of the window but was caught by police. He was brought into “the front room” where he saw the defendant already handcuffed. Coleman claimed he did not see any of the drugs seized that day from the apartment.
Gerald Elwood testified that he was shooting dice that day with Brian Coleman and the defendant. He heard something about police and ran upstairs to the apartment of an acquaintance. He said that as he was trying to get away he ran into the defendant inside of the building.
Based upon this evidence the jury acquitted the defendant of the charge of possession of heroin, and found him guilty of possession with intent to distribute cocaine.
Our initial examination of the record reveals one error patent. The minute entry does not reflect that the defendant waived the required twenty-four hour delay between the trial court’s denial of his motion for new trial and his sentencing. La.C.Cr.P. art. 873. However, because the defendant did not object or raise this as an assignment of error, and no prejudice has been shown, the error is deemed harmless. La.C.Cr.P. art. 921; State v. Wormser, 467 So.2d 58 (La.App. 4th Cir.1985), writ denied, 474 So.2d 946 (La.1985).
On appeal defendant relies on four assignments of error. For reasons hereinafter given we find the assignments un-meritorious and affirm defendant’s conviction and sentence.
Assignment of Error Number One
By this assignment of error, the defendant claims that the evidence presented at trial was insufficient to support his conviction for possession with intent to distribute cocaine.
When assessing the sufficiency of the evidence to support a conviction, the appellate court must determine whether, viewing the record evidence as a whole, in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988).
In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La.R.S. 15:438. However, La.R.S. 15:438 does not set forth a separate test from Jackson v. Virginia, supra; it simply provides an evidentiary guideline to facilitate appellate review of whether any rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson v. Virginia, supra, reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
Under La.R.S. 40:967(A)(1) the State had the burden of establishing beyond a reasonable doubt that the defendant (1) knowingly and intentionally possessed cocaine, and (2)so possessed the drug with the specific intent to distribute it. State v. Fernandez, 489 So.2d 345 (La.App. 4th Cir.1986), writ denied, 493 So.2d 1215 (La.1986).
To establish knowing or intentional possession, the State may show that a defendant had either actual physical possession of the drugs, or constructive possession of the drugs. State v. Trahan, 425 So.2d 1222 (La.1983).
In the instant case the State offered sufficient evidence to show that the defendant was in actual possession of cocaine. Officer Ortero testified that he searched the defendant and found in his left trouser pocket a clear plastic bag containing several smaller bags of cocaine. Officer Joanos viewed this search and seizure of cocaine. Because of this evidence, and the evidence *1340 which will be discussed concerning the element of intent to distribute, we need not address defendant’s argument as to the evidence of his constructive possession of the other cocaine found in the apartment. As will be seen, the jury could have based its verdict on the evidence of this cocaine found in defendant’s trouser pocket.
Intent to distribute may be inferred from the circumstances. Circumstantial evidence which is considered in determining intent includes the quantity of the drug, its street value, and its packaging. State v. Trahan, supra.
In the instant case the State offered the testimony of Officer Glasser, an expert in the packaging and distribution of illegal drugs. Officer Glasser testified that the packaging of cocaine in eight small bags, as well as the amount and denominations of the currency found on the person of the defendant were all indicative of retail drug sales.
Considering the record evidence as a whole, we find that any rational trier of fact could have found beyond a reasonable doubt that the defendant, Terrell Sterling, knowingly and intentionally possessed cocaine with the specific intent to distribute it.
This assignment of error is without merit.
Assignment of Error Number Two
By this assignment of error, the defendant contends that his conviction should be reversed because it was based upon the perjured testimony of Officer Ortero. Defendant maintains that Officer Ortero lied when he testified that he searched the defendant and found cocaine on his person. In support of the argument, the defendant cites a response by the State to a discovery request saying that the drugs were seized from the residence. Nothing was mentioned about the drugs found on defendant’s person. Because of this omission by the State, the defendant argues that Officer Ortero must have been lying when he testified that he seized drugs from the defendant’s trouser pocket. The response to the discovery request was made by the State, not the police officer. The facts show an omission by the State and do not establish that Officer Ortero perjured himself.
Defendant also cites another example of Officer Ortero’s perjuring himself. At a pre-trial motion hearing some three months after the arrest, the officer testified that he did not remember from where the drugs were seized. Sixteen months later at trial, the officer was confronted with his prior statement after he testified that he seized the drugs from the defendant’s trouser pocket. Officer Ortero explained that before trial he refreshed his memory by referring to the police report.
While the defendant may not be satisfied with this explanation, there is nothing to support an inference that Ortero perjured himself during the trial. Also, the prior statement was introduced at trial and the jury was bound to consider it when assessing Ortero’s credibility. Because it was before the jury, and the jury returned a verdict of guilty to the charge involving the cocaine seized by Officer Ortero from the defendant’s person, the jury rejected any notion that the officer was lying at trial.
Finally, defendant argues that Officer Ortero was lying because his testimony conflicted with that of the defendant himself. We find no merit to this argument. Again, the jury verdict leaves no doubt whose testimony it found credible.
The cases cited by the defendant in his argument on the issue of perjury have no application to the facts of the case at bar. They merely stand for the proposition that the suborning of perjury by the State operates to deprive the defendant of his constitutional right to due process. In the cited cases there was no question that the States’ witnesses had perjured themselves, unlike here, where there the evidence merely shows that in the pre-trial hearing held several months prior to trial, Officer Orte- *1341 ro had poor recollection, and refreshed his memory before the subsequent trial.
This assignment of error is without merit.
Assignment of Error Number Three
By this assignment of error, the defendant contends that the trial court erred in limiting his cross-examination of Officer Ortero. Defendant claims that he wished to question Officer Ortero about the reason he left the police department. It is argued that this would have tended to impeach the officer. The relevant portion of the transcript, beginning with a question by defendant’s counsel, is as follows:
Q Do you recall—Where are you employed now, Mr. Ortero?
BY THE COURT:
How is that relevant to this proceeding?
BY MR. ELLOIE:
Well, he [the prosecutor] is referring to him as Officer Ortero, Your Honor. He asked everyone how long they had been with the department, and so since he didn’t ask him I—
BY THE COURT:
I will address the witness.
Are you still a member of the New Orleans Police Department?
BY THE WITNESS:
No, sir.
BY THE COURT:
All right. Proceed.
BY MR. ELLOIE:
Q Do you recall testifying in this matter on September the 25th, 1985? ...
A Yes, sir.
Q Do you recall saying that Mr. Sterling was going down the stairs when you apprehended him?
A No, sir....
First, this excerpt of the trial transcript reflects no objection by counsel for defendant to any action of the trial court. Such an objection is necessary to preserve a defendant’s right to raise the error on appeal. La.C.Cr.P. art. 841; State v. Johnson, 458 So.2d 539 (La.App. 4th Cir.1984), writ denied, 474 So.2d 945 (La.1985). Moreover, there is no indication that the trial court prevented defendant's counsel from bringing anything out before the jury. It was brought out that Ortero was no longer a member of the police department. Counsel then proceeded with another line of questioning. There is nothing in the record to indicate that counsel wished to elicit anything else on the subject, as defendant argues on appeal.
Assignment of Error Number Four
By this assignment of error, the defendant asserts that his conviction should be reversed on the grounds that he received ineffective assistance of counsel. He cites three instances where his counsel’s performance was allegedly deficient and which he claims prejudiced him.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed by an application for post-conviction relief, filed initially in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986); State v. Garland, 482 So.2d 133 (La.App. 4th Cir.1986); State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982).
The first instance cited by defendant concerns his counsel’s failure to investigate the pre-trial record. The third instance questions the advice given to defendant by defense counsel prior to trial. Because a full review of these claims cannot be had in the absence of an evidentiary hearing, we decline to address them. The defendant may raise these claims through an application for post-conviction relief in the trial court.
We will address defendant’s second claim because the record discloses sufficient evidence for review. Defendant claims his *1342 trial counsel erred in failing to seek a mistrial when, on cross-examination of him, the State referred to evidence of other crimes committed by him.
In assessing a claim of ineffective assistance of counsel a two-prong test is employed. The defendant must show that (1) his counsel’s performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, the defendant must demonstrate that, but for the unprofessional conduct, the outcome of the proceedings would have been different. State v. Bienemy, 483 So.2d 1105 (La.App. 4th Cir.1986). A claim of ineffective assistance of counsel may be disposed of based upon a failure to satisfy either one of the two Strickland criteria. If the claim fails to satisfy either one, it is not necessary for the court to address the other. State ex rel Murray v. Maggio, 736 F.2d 279 (5th Cir.1984).
During his cross-examination of defendant the prosecutor asked the following question:
Q Now, this apartment that was Casandra Scott’s apartment, Milton Isaacs used that and you used that as one of you all’s stash pads to sell this dope, isn’t that a fact?
Defendant answered the question in the negative. We do not consider this as evidence of other crimes committed by the defendant, such that would prejudice him so as to warrant the granting of a mistrial. Accordingly, the effect of counsel’s failure to move for a mistrial did not affect the outcome of defendant’s trial.
The other portion of the transcript cited by defendant does not show a reference by the prosecutor to any conduct of the defendant, criminal or otherwise.
This assignment of error is without merit.
For the foregoing reasons we affirm the conviction and sentence of the defendant.
AFFIRMED.