616 So.2d 1290 (1993)
STATE of Louisiana, Appellee,
v.
Billy L. GAY a/k/a Karl R. Wolfe, Appellant.
No. 24452-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
Rehearing Denied April 29, 1993.
*1292 Milton Dale Peacock, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Marcus R. Clark, Asst. Dist. Atty., Monroe, for appellee.
Before NORRIS, VICTORY and STEWART, JJ.
STEWART, Judge.
Defendant, Billy L. Gay, was charged and convicted of possession with intent to distribute methamphetamine, in violation of LSA-R.S. 40:967, and was later sentenced to ten years at hard labor. He appeals the conviction and sentence on two grounds: (1) ineffective assistance of counsel, and (2) insufficient evidence to support the verdict. Due to our finding the first assignment to have merit, we do not discuss the other assignment. We reverse the conviction and sentence and remand for a new trial.

FACTS
The state's evidence showed that on September 28, 1990, the defendant, Billy Gay, using the name Karl Wolfe, and Charles Hayes were sitting together in a pickup truck owned by the defendant at the 103 Truck Stop in Ouachita Parish. Deputy Mickey Hooks, who had been investigating Karl Wolfe, drove by on the service road adjacent to the truck stop and recognized the pickup. As the deputy approached, the defendant and Hayes exited the vehicle. The deputy watched defendant walk toward the rear of the vehicle and throw a shiny object onto the top of a closed barrel, located behind the truck. After calling for backup, the deputy ordered the defendant to the front of a car parked west of the defendant's truck while he questioned Hayes.
While being advised of his rights, Hayes informed Hooks that he and the defendant had just snorted a line of methamphetamine and that the defendant was dangerous. (At trial, Hooks testified he thought Hayes told him that defendant had snorted cocaine, not methamphetamine.) After Hayes admitted to possessing methamphetamine, a small pill bottle containing methamphetamine residue and a bag containing caffeine were recovered from his pocket.
When backup arrived, Deputy Hooks and Deputy Cummings searched the defendant, recovered $1,787 in cash, and a razor blade in defendant's right front pocket. Deputy Hooks then recovered a sandwich wrapper with five small bags containing a white powdery substance from the top of the *1293 barrel, later determined to be approximately three and one-half grams of methamphetamine.
The state tried and convicted the defendant of possession of methamphetamine with intent to distribute. Thereafter, defendant obtained new counsel who filed a post-verdict motion for acquittal based on insufficient evidence and, alternatively, a motion for new trial based on ineffective assistance of counsel. After receiving evidence, both motions were denied by the trial court, and defendant was sentenced to ten years at hard labor. Defendant now appeals claiming the trial court erred in denying his post-trial motions.

DISCUSSION

INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant asserts that the trial court erred in denying his motion for new trial based on ineffective assistance of counsel. In support of the ineffective assistance complained of, defendant cites six instances in which he claims he was deprived of the type counsel required by the Sixth Amendment of the United States Constitution.
In assessing a claim of ineffective assistance of counsel a two-pronged test is employed. The defendant must show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, the defendant must demonstrate that, but for the unprofessional conduct, the outcome of the proceedings would have been different. Therefore, the defendant must show a reasonable probability that counsel's error so undermined the proper functioning of the adversarial process that the trial court cannot be relied upon as having produced a just result. Effective counsel has been defined to mean "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render effective assistance." State v. Ratcliff, 416 So.2d 528, 531 (La.1982). Only if defendant has shown both error and prejudice will his conviction be found unreliable and set aside. See State v. Wright, 598 So.2d 493 (La.App.2d Cir.1992). There is a strong presumption that the conduct of counsel falls within the wide range of responsible professional assistance. State v. Myers, 583 So.2d 67 (La.App.2d Cir.1991), writ denied, 585 So.2d 576 (La.1991).
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed by an application for post-conviction relief, filed initially in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984). However, since defendant had the opportunity to, and did, produce evidence on this issue in the trial court, and since the record discloses sufficient evidence to rule on the merits of the claim, we will consider the issues on appeal in the interest of judicial economy. State v. Seay, 521 So.2d 1206, 1213 (La.App.2d Cir.1988).
First, defendant asserts that his trial counsel testified he had not properly investigated the case because he had not been paid. Specifically, defendant claims trial counsel did not make long distance phone calls to investigate the veracity of defendant's claim regarding a prior incident in Washington Parish. Some of the details of this incident, involving an altercation with a deputy, were inquired into by the prosecution on cross-examination of defendant.
The defendant has not demonstrated that he was prejudiced in the above instance. At the hearing on the motion for new trial, defendant's trial counsel testified that he was ready for trial on August 5, 1991 and September 9, 1991 and that he had, in fact, filed a motion for speedy trial. In addition, he met with the defendant and the prosecutor several times before trial. There is no showing by the defendant of what the true facts of the incident involving the deputy were, thus he has failed to show prejudice by the alleged failure to properly investigate the incident. See State v. Landrum, 307 So.2d 345, 348 (La.1975), in which a defendant unsuccessfully claimed that his appointed counsel was unprepared for trial.
*1294 Second, defendant asserts that his trial counsel failed to cross-examine the prosecution's chief witness, Charles Hayes, concerning his record of prior convictions. Although Hayes admitted on direct examination that he had been previously convicted of a charge involving methamphetamine, he did not testify that this was his only conviction. Defendant argues that an individual's criminal record is an important factor for the jury to consider in determining credibility.
Despite defendant's contentions, the record shows that, throughout the cross-examination of Hayes, trial counsel asked questions which placed Hayes' credibility at issue. Consider the following:
(a) Q. In the last five years has anyone seized any drugs off of you other than this one packet that supposedly Deputy Hooks got off of you?
Mr. Clark: Objection.
The Court: What's the basis of the objection?
Mr. Clark: Improper impeachment.
The Court: Sustained.
Q. Have you ever testified at trial against anyone, in reference to a drug case?
A. No, Sir.
(b) Q. You say over your lifetime you've only used approximately fifty hits of meth?
A. I didn't say fifty hits. I said I had bought fifty, sixty grams.
(c) Q. Had you been convicted at that time of possession of methamphetamine in the past?
A. Yes, Sir, I have.
Q. You know it's against the law?
A. Yes, sir.
The above excerpts demonstrate that defendant's trial counsel questioned Hayes as to his prior criminal history. Furthermore, at the hearing on the motion for new trial, defendant failed to show that Hayes actually had other convictions that were not mentioned at trial. A defendant who alleges that his counsel was ineffective must couple that allegation with a specific showing of prejudice. State v. Landrum, supra. Because defendant has not shown that he was prejudiced by his counsel's examination of Hayes, this argument is without merit.
Third, defendant asserts that his trial counsel failed to obtain the rap sheet of Hayes although it had been requested by first appointed counsel. This, defendant argues, emphasizes his attorney's ineffectiveness and inability to cross-examine Hayes. In support, defendant cites State v. Laird, 551 So.2d 1310 (La.1989) and State v. Miles, 569 So.2d 972 (La.1990) for the proposition that the state is required to provide the accused, upon his request, with copies of the rap sheets of the state's principal witness.
The defendant has not demonstrated that he was prejudiced by the state's failure to provide the rap sheet. Shortly before trial Hayes informed the prosecutor that he had a drug conviction and the prosecutor, in turn, relayed this information to the defense. The trial judge opined that this information was properly disclosed to the defense and noted that there was no prejudice.
Further, the failure to provide a rap sheet is a deficiency on the part of the state, not the defense counsel. The record reveals that trial counsel timely sought the defendant's rap sheet during discovery. For this reason, defendant's argument of ineffective assistance of counsel on this issue is misplaced. Defendant has not assigned as error the state's failure to provide Hayes' criminal record. Defendant made no showing that he was prejudiced by counsel's examination of Hayes, nor that Hayes actually had other convictions not mentioned at trial.
Fourth, defendant asserts that his trial counsel failed to attack Hayes' credibility on cross-examination by asking about any deal that he might have made with the state in exchange for his testimony against the defendant. The defendant argues that this was a critical error as Hayes was in separate possession of other methamphetamine and a caffeine filler that might have been used to cut the methamphetamine seized from the barrel at the time of defendant's *1295 arrest, thus indicating the drugs belongs to Hayes, not the defendant.
Defendant has failed to show how he was prejudiced by trial counsel's failure to question Hayes about a possible plea bargain or other deal with the state. Specifically, at the hearing on the motion for new trial, defendant failed to show that any deal was made with Hayes in exchange for his testimony. Deputy Hooks testified that everything Hayes told him was confirmed by the evidence seized and his personal observations, thus the jury was not simply relying on Hayes' credibility, but the physical evidence and the personal observation of Deputy Hooks, who saw the defendant throw the drugs onto the closed barrel. Absent a showing of prejudice, we do not find that counsel's actions constitute ineffective assistance of counsel.
Fifth, in regard to the prior incident in Washington Parish, defendant's trial counsel stated the following to the jury during closing argument:
Let's go to Deputy Hooks.... Don't get me wrong, but if you thought you were coming up on a man who had shot a deputy in Washington Parish would your heart be racing a little bit?
On direct examination, the defendant had testified that he was using an alias when he was arrested for the instant offense because he had run from a deputy in Washington Parish who had shot at him three times. On cross-examination, the defendant vehemently denied the prosecutor's inquiry into whether he had shot at and tried to kill the deputy in Washington Parish. Defendant claims during closing arguments, his trial counsel stated the defendant shot the deputy. The defendant argues that counsel would have never referred to the shooting during closing arguments had he properly investigated defendant's version of the incident with the necessary long distance phone calls.
The defendant is mistaken as to what his trial attorney said during closing arguments and has failed to show how he was prejudiced by counsel's statement to the jury. Despite defendant's interpretation of his counsel's remarks, the record reveals that counsel was merely asking the jury to consider the state of mind of Deputy Hooks, who was looking for defendant based upon this altercation in Washington Parish. Defense counsel did not actually state that defendant shot at a deputy, but only speculated about what Deputy Hooks might have been thinking as he approached defendant at the truck stop. Without a showing of prejudice, trial counsel's statement does not constitute ineffective assistance of counsel.
Defendant's final claim of ineffective assistance of counsel is that his trial counsel repeatedly failed to object and move for a mistrial under LSA-C.Cr.P. Art. 770 based upon the prosecution's numerous impermissible references to alleged other crimes committed by defendant. Three of these references occurred as follows:
(a) Q. Isn't it true the reason why he shot at you is because you tried to kill him?
A. No.
Q. That is incorrect?
A. That is incorrect.
Q. So that deputy is incorrect too?
(b) A. The officer did shoot at me.
Q. Was he returning your fire?
A. I don't know where you got this from, Mr. Clark....
(c) Q. You are a meth dealer, isn't that true, Sir?
A. No, Sir.
The prosecutor's statements referred to in (a) and (b) were not grounds for a mistrial. On direct examination, the defendant was asked why he was using the alias of Karl Wolfe when he was arrested for the instant offense. The defendant explained that on December 25, 1989 he had run from a deputy who shot at him three times during a roadside stop in South Louisiana. The state followed up on this line of questioning to show the jury how the defendant would slant his testimony to his benefit. The defendant had previously referred to the incident as merely a difference of opinion.[1]
*1296 References to arrests and indictments cannot be used even for the purpose of impeachment. State v. Gaspard, 301 So.2d 344 (La.1974). However, the state is not precluded from contradicting the defendant's testimony given on direct examination upon an issue which the defendant himself has brought into the case. State v. Constantine, 364 So.2d 1011 (La.1978). Where the defendant has "opened up" the issue of his arrest record, evidence pertaining to such arrest is clearly admissible. State v. Cotten, 438 So.2d 1156 (La.App. 1st Cir.1983), writ denied, 444 So.2d 606 (La.1984). Defense counsel, in an attempt to explain to the jury defendant's use of an alias, questioned the defendant about this prior incident and opened the door to the prosecutor's questions on the specifics of the incident. For these reasons, the state's questions were not improper and an objection from defense counsel would have been meritless.
Likewise, the prosecutor's question in (c) involving characterization of defendant as a methamphetamine dealer was not grounds for a mistrial. Defendant had testified earlier during cross-examination that he was convicted in 1986 of possession of methamphetamine with intent to distribute and further testified as to the amounts in which methamphetamine is usually sold. Under LSA-C.E. Art. 609.1(A), evidence that a witness, including the defendant, has been convicted of a crime is admissible to impeach the credibility of that witness. Furthermore, Hayes testified that defendant had distributed methamphetamine to him just prior to his arrest.
The defendant further submits that the prosecutor's remarks in the following were references to other crimes evidence, were grounds for a mistrial, and that trial counsel was ineffective for failing to object to such statements:
(d) Q. Isn't it true the reason why you lied to him about the trailer is that you didn't want him to go to that trailer and find the other bags of methamphetamine, to go find the little empty baggies that you used to bag up these so that you could sell them?
A. No, that's not true.
(e) Q. Isn't it true that you didn't want him to find the scales until after you made your first phone call and got it all moved?
A. No, that's not true.
(f) Q. You were scared of them finding your scales or your meth or your other baggies like this, Sir?
A. I don't have none of that.
(g) State's closing argument: Why did he lie about where he lived? Did he not want the officers to find more of this? He didn't want the officers finding scales.
In fact, defense counsel did object to (g) during the state's closing argument, but the objection was overruled. The court admonished the jury to "go on your recollection of the evidence." Defense counsel neither requested a mistrial or asked for an admonition.
LSA-C.Cr.P. Art. 770 provides in pertinent part as follows:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly to:
. . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ...
The denial of a motion for a mistrial based on a prosecutor's reference which falls within the scope of the article, is per se a substantial violation of a statutory right. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Ramoin, 554 So.2d 278 (La.App. 3d Cir.1989); State v. Vanderlinder, 552 So.2d 1274 (La.App. 5th Cir.1989). To be within the scope of Article 770(2), the remark complained of must be an unambiguous reference to crimes alleged to have *1297 been committed by the defendant. State v. Robertson, 421 So.2d 843 (La.1982).
There are exceptions to the general prohibition of this article. For example, references to inadmissible evidence of other crimes do not apply to evidence of words or actions which form an integral part of the charged offense, formerly res gestae. State v. Preston, 569 So.2d 50 (La.App. 4th Cir.1990); State v. Hicks, 554 So.2d 1298 (La.App. 1st Cir.1989). To be admissible, a very close connexity between the charged offense and the other crimes must exist. State v. Haarala, 398 So.2d 1093 (La.1981); State v. Brown, 340 So.2d 1306 (La.1976); State v. Edwards, 412 So.2d 1029 (La.1982).
In addition, a mistrial is not mandated where, considering the totality of the evidence, there is no reasonable probability that, absent the error, the trier of fact would have had a reasonable doubt respecting the defendant's guilt, absent the error. State v. Sigur, 578 So.2d 143 (La.App. 1st Cir.1990).
The jurisprudence has further developed in this area to include an exception for an impermissible reference to another crime made by a state witness which is deliberately elicited by a prosecutor. As a general rule, because a state witness is not a "court official" within the meaning of LSA-C.Cr.P. Art. 770, the provisions of LSA-C.Cr.P. Art. 771 would apply requiring only an admonition. Where, however, the impermissible reference is deliberately elicited by the prosecutor, the reference is imputable to the state and would mandate a mistrial under LSA-C.Cr.P. Art. 770. State v. Madison, 345 So.2d 485 (La.1977); State v. Boudreaux, 503 So.2d 27 (La.App. 1st Cir.1986); State v. Cook, 590 So.2d 720 (La.App. 3d Cir.1991). The reference must be to another crime alleged to have been committed by the defendant as to which evidence is not admissible. State v. Madison, supra.
Another exception to the rule of LSA-C.Cr.P. Art. 770 occurs when the defendant has "opened the door" to evidence of other crimes. A mistrial is not required when the prosecutor's references or questions can be classified as responsive to an issue which the defendant himself has brought into the case. See State v. Cotten, 438 So.2d 1156 (La.App. 1st Cir.1983), writ denied, 444 So.2d 606 (La.1984).
In the instant case, defendant argues that the prosecutor's references to additional methamphetamine and drug paraphernalia in (d), (e), (f), and (g), should have mandated a mistrial under LSA-C.Cr.P. Art. 770 and his trial counsel was ineffective in failing to object and move for a mistrial. We agree. The failure to object to the references and move for a mistrial cannot be cured by any of the jurisprudential exceptions to LSA-C.Cr.P. Art. 770 given the particular facts of defendant's case.
When asked for his address at the scene of the arrest, defendant stated that he did not have a place to live but was looking to rent a trailer. Later, the defendant admitted to police he had already rented a trailer in Ouachita Parish at the time of his arrest. The fact that defendant had lied about renting the trailer had already come out at trial before any of the prosecutor's questions and remarks. It is submitted, by the state, that the references to the trailer and paraphernalia were specifically made in an attempt to get the defendant to admit he lied about where he was living in order to keep the officers from finding more drugs and paraphernalia. In addition, the state argues it was seeking to rebut the impression given by the defense that the drugs belonged to Hayes, not the defendant.
The state presented no evidence during the trial that more methamphetamine or drug paraphernalia, such as scales and baggies, were secreted in the defendant's trailer. It was improper for the prosecuting attorney to suggest by means of specific questions to the defendant that more drugs and drug paraphernalia existed at the defendant's trailer, when he had no evidence to prove their existence. As there was no evidence of other drugs forming an integral part of the transaction, the reference can not have been admitted as part of the res gestae exception. Trial counsel for the *1298 defendant should have objected to the references to other crimes.
Defendant was charged with possession with intent to distribute methamphetamine and the state was required to prove beyond a reasonable doubt that the defendant possessed the methamphetamine with the specific intent to distribute it. Intent is a condition of mind which is usually proven by evidence of circumstances from which intent may be inferred. State v. Fuller, 414 So.2d 306 (La.1982); State v. Phillips, 412 So.2d 1061 (La.1982); LSA-R.S. 15:445.
The state's evidence in chief included the three and one-half grams of methamphetamine located in five small baggies; the testimony of Deputy Hooks that the defendant threw a shiny object, later determined to be a plastic bag containing packets of methamphetamine, onto the barrel; the testimony of Deputy Cummings that a large amount of cash, $1,787, in small bills, was found on the defendant; the testimony of Investigator Royce Tony that while questioning the defendant at the police station, he noticed that the defendant had "cotton mouth," a condition consistent with methamphetamine use; and the testimony of Charles Hayes that one gram of methamphetamine is consistent with personal use and that it yields approximately 20 hits. The jury also heard the defendant's testimony as previously described herein.
In the absence of circumstances from which an intent to distribute may be inferred, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible. State v. Greenway, 422 So.2d 1146 (La.1982); State v. Harveston, 389 So.2d 63 (La.1980); State v. Willis, 325 So.2d 227 (La.1975). Mere possession, however, may establish intent to distribute if the amount of the drug in possession of the accused is inconsistent with personal use only. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Sibley, 310 So.2d 100 (La.1975). Where intent to distribute a controlled dangerous substance is at issue, the trier of fact may consider whether the defendant actually distributed or attempted to distribute the drug, whether it was in a form usually associated with possession for distribution, whether the amount was such as to create a presumption of attempt to distribute, whether the amount found on the defendant was inconsistent with personal use, and whether there was any paraphernalia such as baggies or scales evidencing an intent to distribute. State v. McNair, 597 So.2d 1096 (La.App.2d Cir.1992); State v. Hunt, 568 So.2d 1104 (La.App.2d Cir.1990), writ granted in part 573 So.2d 1130 (La.1991), denied in part, 580 So.2d 914 (La.1991), citing State v. House, 325 So.2d 222 (La.1975).
In the instant case, there was no expert testimony from the crime lab or police officers that the amount of drug found was consistent with distribution. Instead, the prosecutor deliberately made a series of references to drugs and paraphernalia supposedly secreted at defendant's trailer to establish the intent to distribute element. The jury may well have convicted Gay of the charged offense because it heard repeated references that he possessed more drugs and paraphernalia at his home. Absent the error, there is a reasonable probability that the jury would have had reasonable doubt respecting the defendant's guilt of the charged offense.
Likewise, the error was not otherwise cured by a waiver of defendant after objection. While an attorney's decision to request an admonition instead of a mistrial may be a tactical decision which will not constitute ineffective assistance of counsel, such is not the case here. Gay's trial counsel failed to object despite the fact that the prosecutor's references to "other crimes" evidence in this case would have been grounds for a mistrial under LSA-C.Cr.P. Art. 770, notwithstanding the jurisprudential exceptions to the rule previously discussed.

CONCLUSION
For the reasons given, we hold that Gay was denied the effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. Defendant's conviction and sentence are reversed and the case is remanded for a new trial.
*1299 REVERSED; VACATED; REMANDED FOR NEW TRIAL.
VICTORY, J., dissents in part, with reasons.
VICTORY, Judge, dissenting in part.
I agree with much of what is said in the majority opinion. However, I dissent from that part of the opinion that reverses the conviction on the grounds of ineffective assistance of counsel. Further, I believe the evidence is clearly sufficient to sustain the defendant's conviction.
In determining the possible prejudice of defense counsel's failure to object to the prosecutor's questions to the defendant on cross-examination about why he lied to the police in initially denying that he had a local residence affected the outcome of the case, we must first examine the strength of the state's case for possession with intent to distribute methamphetamine. This is accomplished by examining the evidence presented with regard to the House factors which are (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute. State v. House, 325 So.2d 222 (La.1975); State v. Coleman, 552 So.2d 513 (La.App.2d Cir.1989), writ denied 559 So.2d 138 (La.1990).
The first House factor is satisfied by Hayes' testimony that the defendant distributed methamphetamine to him by them sharing a line of defendant's drugs just prior to the arrival of the police. In addition, the state produced evidence that the defendant has a prior conviction for possession with intent to distribute methamphetamine.
As to the second, third and fourth House factors, Deputy Hooks told the jury that a "large amount" of a controlled dangerous substance was seized. He testified he arrested and booked the defendant with possession with intent to distribute based on the large amount of the drug, the packaging of the 3.5 grams in five small bags, and the large sum of money in small bills [$1,787] seized from defendant. According to Hayes, an admitted methamphetamine user, one gram yielding approximately 20 hits, is consistent with personal use. Defendant testified that methamphetamine is usually packaged and sold in grams at a cost of $100 per gram. Although mere possession of a drug does not amount to evidence of intent to distribute, the jury had testimony that the quantity involved was three and a half times that for just personal use, and that the drugs were packaged for distribution. See State v. Hearold, 567 So.2d 132 (La.App.2d Cir.1990), in which a bag containing between 3.2 and 3.5 grams of methamphetamine was considered too large for personal use. Contrary to what the majority opinion implies, there is no requirement that there be expert testimony on this issue. House says "expert or other testimony." Hayes was certainly considered knowledgeable on this issue as an admitted methamphetamine user.
There is also evidence of an intent to distribute under the fifth House factor, concerning possession of paraphernalia. The state produced the five small baggies used to package the methamphetamine which was seized. Although no other drug paraphernalia was recovered, $1,787.00 in small bills was found on the defendant at the time of his arrest, indicating possible recent drug sales.
Based upon the House factors discussed above, a rational trier of fact could have easily concluded beyond a reasonable doubt that defendant was guilty of possession of methamphetamine with intent to distribute.
Considering the strength of the state's case for possession with intent to distribute, the defendant has not shown that the jury verdict was compromised by the cross-examination and argument suggesting he lied to the police in order to hide more *1300 drugs and paraphernalia. The state certainly is allowed to explore on cross-examination the reasons why a defendant has lied to the police. The mere suggestion on cross-examination that a drug dealer might not have his entire drug supply with him at all times and might lie about it surely came as no surprise to the common sense of the jury. See State v. Sterling, 558 So.2d 1336 (La.App. 4th Cir.1990), in which a similar question posed by the state was not considered prejudicial. Further, I question whether this is really "other crimes" evidence, rather than simply more evidence of the crime charged.
Since defense counsel's failure to object and/or move for a mistrial has not been shown to have affected the outcome of defendant's trial, defendant's claim for ineffective assistance of counsel is without merit.

APPLICATION FOR REHEARING
Before NORRIS, VICTORY, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.
NOTES
[1] During the hearing on the motion for new trial, defendant's attorney presented evidence through a witness from the Department of Justice that an arrest warrant was pending in Washington Parish against defendant for the attempted murder of a police officer.