STOKER, Judge.
Defendant, Edmund Bruce Pettibone, was charged with and convicted by a jury of the aggravated rape of his four-and-one-half-year-old son under LSA-R.S. 14:42(A)(4). Defendant was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence, as mandated by LSA-R.S. 14:42(C). Defendant appeals his conviction. The sole issue presented on appeal is defendant’s claim that he had ineffective assistance of counsel at trial. We affirm.
OPINION
Effective Assistance of Counsel
A defendant’s constitutional right to effective assistance of counsel, and the examination of claims of ineffectiveness, was recently discussed by the supreme court in State v. Peart, 621 So.2d 780 (La.1993). The court first noted that, although ineffective assistance of counsel claims are generally raised in applications for post conviction relief, an appellate court may decide the issue when the record discloses sufficient evidence to make a determination. See, also, State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Gay, 616 So.2d 1290 (La.App. 2d Cir.1993).
The court in Peart also discussed the right to effective assistance of counsel, as follows:
“[tjhose accused of a crime are of course entitled to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759 [90 S.Ct. 1441, 25 *69 L.Ed.2d 763] (1970); State v. Ross, 410 So.2d 1388, 1390 (La.1982).
[[Image here]]
“We begin with the proposition that because there is no precise definition of reasonably effective assistance of counsel, any inquiiy into the effectiveness of counsel must necessarily be individualized and fact-driven. See Strickland v. Washington, supra, 466 U.S. at 697-89, 104 S.Ct. at 2064-65 (“specific guidelines not appropriate” in assessing defendants’ ineffectiveness of counsel claims). See also Lincecum v. Collins, 958 F.2d 1271 (5th Cir.1992) (range of attorney conduct that constitutes reasonably effective assistance of counsel “is extremely wide and highly dependent on the necessities of a given case”). In different contexts, Louisiana courts have found a wide variety of attorneys’ failings to constitute ineffective assistance. These courts, in evaluating the ineffective assistance claim, have undertaken a detailed examination of the specific facts and circumstances of the case. This is necessary precisely because effectiveness of counsel cannot be defined in a vacuum, but rather requires an individual, fact-specific inquiry. Strickland, supra.”
(Footnote omitted.)
There is a two prong test for determining whether counsel has been effective. The defendant must show (1) that counsel’s performance was deficient, and (2) that this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State ex rel Busby v. Butler, 538 So.2d 164 (La.1988); State v. Gay, supra; State v. Hunter, 614 So.2d 332 (La.App. 4th Cir.1993). The defendant must show a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. Hunter, supra at 334. The basic principle in such an analysis is that judicial scrutiny of counsel’s performance must be highly deferential since it is “all too tempting” to second guess counsel’s assistance after an adverse sentence and “all too easy” for a court examining an unsuccessful defense to conclude that an act or omission of counsel was unreasonable. Butler, supra at 167. Effective counsel has been defined to mean “not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render effective assistance.” Gay, supra at 1293. Therefore, it is only if counsel’s acts or omissions were outside the wide range of professionally competent assistance that he will be deemed to have been ineffective. Butler, supra at 167. There is a strong presumption that the conduct of counsel falls within the wide range of responsible professional assistance. Gay, supra at 1293.
1.
First, defendant alleges that his trial counsel failed to file any “substantive” pretrial motions other than a Motion for a Bill of Particulars. We note, however, that the Bill of Particulars was lengthy and exhaustive. An attorney is not required to file unnecessary motions. State v. Harris, 540 So.2d 1226 (La.App.3d Cir.), writ denied, 550 So.2d 626 (La.1989).
Defendant specifically alleges that his trial counsel should have filed a motion to suppress certain statements made by defendant which the state notified him of its intent to use at trial. However, the record shows that the statements were made voluntarily after receiving Miranda warnings. Defendant has not suggested on appeal how the statements could have been suppressed or how they prejudiced him at trial. We note that those statements were not clearly incul-patory.
Finally, defendant argues that his trial counsel should have requested an independent psychiatric or physical examination. However, trial counsel did, in fact, request an independent psychiatric evaluation of the victim, which was denied by the trial judge. Defendant has not suggested that the examinations made by the coroner were incomplete or suspect in any way. We see no prejudice to the defendant.
2.
Defendant next claims that his trial counsel conducted an inadequate voir dire of *70 prospective jurors, asking them each only five or six questions and accepting without challenge two state prison employees. We note that one “state prison employee” is actually only the daughter of an employee (a guard) and the other employee is a food service supervisor. Defense counsel could conceivably have accepted them because they are of the same minority race as defendant. Both of these jurors expressed an ability and willingness to be fair and impartial. We note that the questions asked by defense counsel were pertinent and that the trial judge also questioned each juror, before the attorneys did, as to their possible prejudices and biases. We see no bias or prejudice toward defendant which can be reasonably attributed to these jurors’ relationships with law enforcement. Contrast, State v. Alexander, 620 So.2d 1166 (La.1993). Finally, we note that defense counsel did excuse several potential jurors who were connected to law enforcement. Defendant has not alleged any specific prejudice to him from the acceptance of any particular juror and we see none. This assignment lacks merit.
3.
Finally, defendant alleges that his trial counsel was a poor advocate in his behalf at trial.
Defendant specifically contends his counsel’s opening and closing statements prejudiced him at trial; however, these statements are not evidence. Trial counsel’s clear line of defense was that the charges against him were lies used by the victim’s aunt to enable her to gain permanent custody of the victim. This defense was emphasized by the defendant’s trial counsel in the opening and closing statements. On appeal defendant urges he was prejudiced in the opening statement when defense counsel acknowledged that the crime of which defendant was accused was “a horrible thing” and that it was “unimaginable” that a father would do such a thing. This was a rhetorical statement which in no way admitted defendant was actually guilty of the crime. Defendant also claims he was prejudiced by defense counsel’s statement in closing argument that “granted, Justin [the son] told you some convincing facts, why would he lie? I don’t know, I don’t know.” Defense counsel followed this by suggesting to the jury that Justin may have been coached. We see no prejudice to defendant from this, either.
Next, defendant claims his trial counsel prejudiced him by failing to question the victim, the victim’s custodial aunt and the police officer who arrested him on the day of the crime about a scratch which the victim had allegedly inflicted on defendant’s face. The claim of ineffectiveness has reference to a photograph of defendant taken on the day of the alleged crime and after the alleged commission. Defendant relies on the fact that the photograph shows no scratch on defendant’s face. The photograph was introduced in evidence. It is not readily apparent to us that questioning the witnesses about the scratch would have helped his case. In fact, questioning this witness might have elicited answers prejudicial to defendant. Moreover, the victim stated that he tried to scratch defendant on the face, not that he did inflict a scratch. No other witness mentioned a scratch on defendant’s face.
Third, defendant argues that his trial counsel faded to object to the admission of evidence of other crimes, i.e. defendant’s arrest for simple battery on the victim’s custodial aunt. After a thorough review of the facts of this case, we find that arrest was an integral part of the events which are before us, and, as such, was admissible in evidence under LSA-C.E. art. 404(B)(1). See State v. Brewington, 601 So.2d 656 (La.1992).
Fourth, defendant alleges error in his trial counsel’s failure to present any evidence of his good character. .The only character evidence which would have been admissible, under LSA-C.E. art. 404(A)(1) and art. 405(A), is evidence of the defendant’s reputation for credibility or for good moral character as it pertained to the crime of aggravated rape.
Evidence of good character presented by the defendant may be rebutted by the prosecution. LSA-C.E. art. 404(A)(1). Therefore, the defense counsel’s exercise of the option to present character evidence is a trial tactic. For us to look to whether or not trial counsel *71 erred in not questioning witnesses, other than the defendant, as to defendant’s charae-ter would be using hindsight; we would be merely second guessing the trial attorney. We cannot conclude, on the evidence in the record, that the trial attorney’s tactics in this respect were wrong or that defendant suffered prejudice.
Lastly, defendant contends his trial counsel erred in failing to traverse the state’s expert, Dr. Mayeaux, on his qualifications. Dr. Mayeaux is a family doctor and the Avo-yelles Parish coroner. He examined the victim in this case and presented what was probably the most compelling evidence against defendant. Dr. Mayeaux was highly qualified; defendant’s attorney was not obligated to traverse his professional qualifications. It would have been an exercise in futility in this ease. We note, however, that he did question him as to his prior experience in this type of case on cross-examination; the evidence shows that Dr. Mayeaux is very experienced. We see no error or prejudice to the defendant. This assignment also lacks merit.
ERROR PATENT
The trial judge failed to inform defendant at the time of sentencing of the prescriptive period for post conviction relief, as mandated by LSA-C.Cr.P. art. 930.8. Therefore, the district court is ordered to so inform the defendant by sending appropriate written notice within ten days of rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3d Cir.1993).
DISPOSITION
For the reasons given, defendant’s conviction and sentence are affirmed. The district court is ordered and directed to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8, and particularly the prescriptive period for post conviction relief, by sending appropriate written notice to the defendant within ten days of the rendition of this opinion. Additionally, we direct the trial court to file in the record of this case written proof that defendant received notice.
AFFIRMED; REMANDED WITH INSTRUCTIONS.