No. 13,288.

STATE OF LOUISIANA VS. LEONCE DUPLECHAIN.

SYLLABUS.

Where defendant has elicited, on cross-examination of a State witness, that he had been convicted of burglary, the State, on re-examination, has the right to elicit from him that a new trial had been granted, and a *nolle prosequi* had been entered.

Where one of the parties has succeeded in drawing out, on cross-examination, part of a transaction, the other is entitled, by re-direct examination, to draw out the whole and to elicit the explanations necessary to rebut the wrong inference and presumptions which would flow from fragmentary evidence.

APPEAL from the Eleventh Judicial District, Parish of St. Landry. *Dupre, J.*

*Milton J. Cunningham,* Attorney General, and *R. Lee Garland,* District Attorney, for Plaintiff, Appellee.

*E. P. Veazie* and *James J. Bailey* for Defendant, Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J. Accused was prosecuted for murder, convicted of manslaughter and sentenced to two years imprisonment in the penitentiary. He has appealed.

The only ground of complaint urged is contained in a bill of exceptions, in which it is recited that "a witness for the prosecution, Lastie Smith, being on the stand and having testified in chief to the facts leading up to the homicide, was turned over to defendant's counsel for examination, whereupon he elicited from the witness statements going to show that the witness had been tried and convicted for the crime of burglary committed in the house of Jean Bte. Duplechain, a brother of the accused; that on the District Attorney's re-examining the witness, and asking him questions, he stated the conviction had been set aside, the case remanded, and the case against the witness *nol pros.*" The defendant objected to this mode of examination on the ground that "while proof of crime is always admissible to impeach a witness, proof of the correctness of the conviction, together with all

the details of said crime, are not admissible," which objection the court overruled, assigning for reason that defendant's counsel having sought to impeach the witness' credit by showing a conviction of crime, the District Attorney had the right, in his re-examination of the witness, to sustain his character, by showing that although convicted, the judgment of conviction had been set aside and the case *nol pros,* and this, by way of permitting the impeached witness to make an explanation in support of his credibility, that it "is always proper to give a witness who has been impeached, either upon cross-examination, or by independent evidence, an opportunity to make any explanation he can in support of his own credibility." A. and E. Ency. of Law, Vol. 29, page 825.

That the witness was not permitted to minutely detail the facts, but was held only to answer questions going to show that the conviction had been set aside.

To which ruling of the court defendant reserved a bill of exceptions.

We are of the opinion that the ruling of the court, and the reasons assigned therefor, were correct.

When the State succeeds, on cross-examination of a witness, in introducing testimony of part of a transaction, which, standing alone, would work to the prejudice of the accused, the latter is entitled to show the whole transaction, or to make explanations in regard to the same, which may be necessary to rebut wrong presumptions or inferences to be drawn from the State's testimony. 26th Southern Reporter, 721; 80 N. W., 214.

This has been frequently decided in reference to fragments of conversations or to threats or declarations of the accused sought to be urged against him. State vs. Pruett, 49th Ann., 291. The State is entitled to the benefit of the application of the same principle.

The judgment appealed from is hereby affirmed.