PROVOSTY, J.
Defendant was convicted of “shooting into the house” of Wm. M. Cady.
The first witness put on the stand by the state testified that “he was employed by W. M. Cady at a salary of $60 per month, to take charge of ’ a negro camp near Cady’s house.” On cross-examination the question was propounded to him by the accused: “Were you or Mr. Cady and these negroes notified by the people in the neighborhood that the negroes must go or be removed from there?” This question was objected to as irrelevant. The per curiam says:
“The accused were indicted for shooting into a dwelling house, and whether Cady or Smith or any else had been notified about the negro labor was irrelevant or immaterial. There was not evidence, direct or circumstantial, connecting the accused with thé crime, as this was the first witness. The witness heard the shooting and was testifying as to where he was when it commenced. The dwelling house was some distance from the negro camp.”
It is easily conceived how the evidence might have tended to show a motive in other persons than the defendant to shoot into this house. It was therefore not irrelevant. Wig-more on Ev. vol. 1, §§ 118, 139, 141; 12 Cyc. 399. In the case of State v. Perry, 51 La. Ann. 1074, 25 South. 944, and State v. Baudoin (No. 15,956, this day decided) 40 South. 42[1], the bearing of the fact sought to be proved was more remote, which distinguishes them from the instant case.
Moreover, the state having interrogated the witness as to this negro camp and its proximity to Cady’s house, the defendant was entitled to go fully into the matter. State v. Pruett, 49 La. Ann. 291, 21 South. 842; State v. Duplechain, 52 La. Ann. 448; 26 South. 1000. The purpose of the prosecution in offering the evidence could not but have been to prove motive on the part of defendant; if so, defendant had a right to go further into the matter to show a similar, or the same, motive in others.
There is no merit in the other bills of exceptions, only one of which we shall notice. The per curiam sufficiently explains the matter:
“The court notified the counsel that only one of the three counsel would be permitted to examine the same witness. This was done in the *102 interest of time, as there was a- very large ■criminal docket to try. I have the power to police the court, and to prevent an unnecessary consumption of time, and which it would have been, with all three counsel going over the •same examination.”
The ruling was correct. Wharton, Crim. Law (7th Ed.) par. 3009; E. of P. & P. vol. 8, p. 111.
Judgment and verdict set aside, and cause remanded, to be proceeded with according to law.

 115 La. 773.