HAWTHORNE, Justice.
Defendant, John Angelle, was convicted of the crime of manslaughter and sentenced to serve 14 years at hard labor in the state penitentiary. From this conviction and sentence he has appealed. '
Bill of exception designated as No. 1-B was reserved under the following circumstances :
During the course of the trial the State called as a witness the chief deputy sheriff, who during his examination, according to the per curiam, testified that he obtained a voluntary statement from the accused. The stenographic notes taken by the court stenographer and attached to this bill reveal that the witness while on the stand produced the statement, which had apparently been procured in the cell of the accused. Defense counsel on cross-examination sought to show that, when this deputy went to the cell of the accused, he was without pencil or paper and without a typewriter, and that he subsequently in his office reduced this statement to writing on the typewriter from memory. In this .con *861 nection counsel propounded the following questions' to the witness:
“Q. Did you not tell me a while ago in the presence of the witness that when you went to the cell that you went without pencil or paper? A. I did.
“Q. I asked you if you brought a typewriter along? A. I did not.”
At this point the State objected to any further questioning with reference to the written statement, on the ground that the written statement itself was the best evidence, and on other grounds, one of which was that the testimony sought to be elicited was irrelevant and immaterial. The trial court sustained the objection on the ground that the question was irrelevant and immaterial, and this ruling had the effect of denying to counsel for the defendant any further cross-examination of the witness as to the statement.
The trial judge in his per curiam informs us that the witness had not testified that any statement was taken on the typewriter or even in writing, and that the question as to whether he had brought a typewriter along was irrelevant and immaterial.
In our opinion this bill has merit. After the State had adduced testimony from the witness that the accused had made a free and voluntary statement, the defense had the right to cross-examine him as to all the facts and circumstances surrounding the making of the statement, such as where it was made, to whom, whether it was an oral statement or one in writing, etc. The admissibility of the statement was a question for the judge to decide, but the weight and effect to be given such a statement was one for the jury; and it is immaterial whether the statement was ever offered in evidence by the State thereafter, since, if the State did not intend to offer the statement in evidence before the jury, there was no necessity whatsoever of eliciting from this witness on direct examination the fact that the defendant had made such a statement. After this testimony was elicited, to deny to the defense the right to cross-examine the witness as to the facts and circumstances of the giving of the statement was highly prejudicial to the rights of the accused.
Further, since the State had elicited from the witness the fact that the accused had made a free and voluntary statement, the accused under Article 376 of the Code of Criminal Procedure had the right to cross-examine him upon the whole case, and this would, of course, obtain as to a particular fact to ■ which the witness had testified on direct examination.
Since we are of the opinion that the trial judge erred in sustaining the objection on the ground that the question was irrelevant and immaterial, and that his ruling was prejudicial to the rights of the accused, the accused is therefore entitled to a new trial.
During the course of the trial other bills of exception were reserved. Some of *863 these have been abandoned, and the others need not be discussed here, as they were reserved under circumstances which will probably not arise during a subsequent trial.
For the reasons assigned, the conviction and sentence are annulled and set aside, and the case is ordered remanded to the lower court for a new trial.