249 So.2d 558

**STATE of Louisiana**

**v.**

**Camille GIORDANO.**

**No. 50921.**

June 28, 1971.

Rehearing Denied Aug. 12, 1971.

Gravel, Roy & Burnes, Camille F. Gravel, Jr., Alexandria, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Robert P. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

SUMMERS, Justice.

Appellant Camille Giordano was charged in a bill of information with simple burglary. The principal if not sole evidence purporting to link appellant with the offense were fingerprints alleged to have been lifted by the police from broken glass re-

moved from a window of the burglarized building on April 18, 1969. The glass was discarded after the prints were lifted, and it could not be produced at the trial.

This appeal is taken from a conviction and sentence to four and one-half years in the penitentiary.

The question we consider is the claim that the trial judge unduly restricted the right of cross-examination.

Prior to trial, pursuant to Article 703 of the Code of Criminal Procedure, appellant filed a motion to suppress evidence. The motion sought to suppress, among other things, fingerprints which it was contended were obtained in violation of the rule announced in Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), wherein it was held that fingerprints obtained as a result of an unlawful detention were obtained in violation of the Fourth and Fourteenth Amendments and were inadmissible as evidence.

Testimony at the pretrial hearing on the motion to suppress disclosed that law enforcement officers were in possession of fingerprints obtained from appellant as a result of his arrest in Plaquemine Parish in December 1967. These prints were sent with those lifted from the broken glass in April 1969 to the Federal Bureau of Investigation for comparison. The results of this examination were given at the trial.

When appellant was called to testify on the motion to suppress, his attorney sought to question him concerning the 1967 arrest in Plaquemine Parish and counsel for the State objected. Prior to the ruling, counsel for appellant argued, alleged and offered to prove that defendant was arrested in Plaquemine Parish in 1967, that evidence was obtained from him at that time, that the arrest was made at that time, that the arrest was made at the time when his constitutional rights were violated, that there was an illegal search and seizure, that he was incarcerated after he was arrested, that an illegal search and seizure took place and just after that, he was fingerprinted both in Plaquemine Parish and Rapides Parish.

The Court sustained the State's objection and foreclosed further questioning by defense counsel. Additionally, the Court sustained objections to testimony relative to the investigation by officers which supplied the factual basis for compelling appellant to surrender certain physical evidence.

At the conclusion of the hearing counsel for defendant pointed out to the court that by a series of rulings he had been precluded from showing the facts which gave rise to the 1967 arrest as a result of which the comparison fingerprints were obtained, or the facts and circumstances leading to his arrest in Rapides Parish in 1969.

Then, during the trial, defense counsel was denied the right to cross-examine the State's principal witness, Detective Rozier, concerning a memorandum he had prepared in connection with his testimony. Defense counsel was further denied the right to cross-examine this same witness concerning the contents of an evidence envelope in which the fingerprint card and photographs received in evidence had been stored.

■ We are convinced that in the context of this case the cross-examination was material and relevant and that it was unduly restricted by the objections of the District Attorney sustained by the trial judge. To do so is a violation of an absolute right protected by our Constitution. La.Const. art. 1, § 9. This constitutional right is announced by the legislature in two enactments:

The accused shall have the right to be confronted with witnesses against him and the depositions of witnesses shall not be evidence either for or against him except as provided by law. (La.R.S. 15:273).

When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case. (La.R.S. 15:280).

Our jurisprudence has steadfastly recognized the importance of the right of cross-examination. State v. Williams, 250 La. 64, 193 So.2d 787 (1967); State v. Elias, 229 La. 929, 87 So.2d 132 (1956); State v. Angelle, 217 La. 852, 47 So.2d 664 (1950); State v. Nugent, 116 La. 99, 40 So. 581 (1906); State v. McCoy, 109 La. 682, 33 So. 730 (1903); Dubose v. Bosworth, Gunby's Dec. 41 (La.App.1885).

■ The right of confrontation occupies the status of a paramount and fundamental right indispensable to a fair trial. It is a substantial, substantive and valuable right which assures the accused that he shall have the opportunity to be confronted by the witnesses against him and this includes not only the right to attend the trial and hear the witnesses but also the right to cross-examine them at the trial. It is a constitutional right, not a mere privilege.

For the reasons assigned, the conviction and sentence are set aside and the case is remanded for a new trial.

BARHAM, J., concurs.

SANDERS, J., dissents, being of the opinion that the rulings of the trial judge were correct.