358 So.2d 276 (1978)
STATE of Louisiana
v.
Ernest ANDERSON.
No. 60509.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied May 22, 1978.
Alton T. Moran, Director, Daniel R. Atkinson, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Lennie F. Perez, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Ernest Anderson, along with Eddie Marshall and Rufus McDonald, with armed robbery, a violation of LSA-R.S. 14:64, and attempted aggravated kidnapping, a violation of LSA-R.S. 14:27, 44. Defendants waived jury trial and were tried together. Defendant Anderson was found guilty as charged on both counts. The court sentenced Anderson to twenty years without benefit of parole, probation, or suspension of sentence for his involvement in the armed robbery and to ten years for the attempted aggravated kidnapping of Edward Gaines. The court ordered that the two sentences run consecutively. Defendant now appeals his convictions and sentences, relying upon four assignments of error.
On November 6, 1975, Edward Gaines, while driving alone in his car, stopped for a *277 stop sign. A man later identified as Eddie Marshall opened the door and, placing a knife at Gaines' side, forced him to a house where Anderson and McDonald were present. There the defendants forced Gaines to give them his wallet, shirt, and belt. Thereafter, they bound his hands and forced him into his car and drove away. Gaines escaped at a gas station and reported the crime. The next day police arrested the three assailants.

ASSIGNMENT OF ERROR NO. 3
In this assignment defendant complains that the trial court erred in overruling his objection to State elicited testimony referring to suppressed evidence. He argues that although the State did not introduce the knife and shirt into evidence, any reference[1] to these items was a violation of the trial court's order suppressing the evidence.
In Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), the United States Supreme Court established the rule that tangible results of an unconstitutional search are inadmissible in state courts. In Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), the court announced more clearly that the Fourth Amendment, and with it the exclusionary rule, is binding on the states.
These holdings established that any tangible evidence obtained through an unconstitutional search could not be admitted into evidence. It is reasonable to conclude that no testimony relating to the location of the evidence at the place searched, as well as the physical evidence itself, may be admitted into evidence. However, this exclusionary rule does not preclude every reference to the existence of the items ordered suppressed. It merely precludes the admission of the physical items into evidence.
Therefore, Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 5
In Assignment of Error No. 5, defendant complains that the trial court erred in not allowing defense counsel to question the victim concerning prior homosexual acts. Defense counsel asked the victim whether he had had any homosexual relations with defendant Marshall. The witness responded negatively. Defense counsel then asked the victim whether he had ever engaged in homosexual activities with anyone else. The State objected and the judge sustained that objection.
The defense asserts that the victim voluntarily came with Marshall to the house in order to engage in homosexual activities. Hence, he argues that the question was within the permissive bounds of impeachment in relation to this particular case. In support, he cites State v. Owens, La., 301 So.2d 591 (1974).
Therein we allowed the State to question the defendant regarding his homosexuality. The Court reasoned:
"In the instant case, the defendant testified on direct examination that he met the victim at a `homosexual' bar and that the victim proposed homosexual relations. The defendant agreed to the proposal and left with the victim in the latter's automobile. The defendant further testified that after the car was parked, he learned that the victim would not pay him for engaging in homosexuality and he left the automobile. Whereupon, the victim shot at him and he returned shots in self-defense. Defendant denied any intention to rob the victim.
"From this brief review of defendant's testimony, it is apparent that defendant's homosexuality became relevant. It was factually interrelated with the defense. Hence, it was a proper subject for the State's cross-examination."
The State submits that Owens is distinguishable because the defendant admitted on direct examination that he had initially encountered the victim in a homosexual bar and that he had agreed to have homosexual *278 relations with the victim. The State contends that this testimony permitted further questioning on cross-examination. Unlike Owens, the victim herein denied that the occurrence was homosexually related.
Moreover, the trial judge is vested with wide discretion in determining the relevancy of evidence. His ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Pierre, 261 La. 42, 259 So.2d 6 (1972); State v. Davis, 259 La. 35, 249 So.2d 193 (1971); State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).
In the instant case, the defense's explanation of the encounter was that the victim and Marshall had agreed to homosexual activity and had arrived at the house for that purpose. When defense counsel asked the victim whether he had ever engaged in homosexual activity with Marshall, the witness replied negatively. Earlier, defense counsel asked the witness whether he had stopped his car and homosexually propositioned Marshall. Again, the witness denied any homosexual involvement. Thus, defense counsel successfully questioned the victim and elicited the relevant information necessary to either support or disprove the defense theory espoused. Thus, the trial court properly denied the additional question asked by defense counsel.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 8
Here, defendant complains of the trial court's denial of his motion for acquittal. Therein he alleges that the State failed to introduce any evidence of several of the elements of the armed robbery: the dangerous weapon, that defendant used force, and the taking of something of value. Additionally, he contends that the State introduced no evidence of forcible seizing or forcible secreting in the attempted aggravated kidnapping charge.
LSA-R.S. 14:64 defines armed robbery as "the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
The victim testified that a sharp object was placed against his side and that the sharp instrument was a knife. This is some evidence that a dangerous weapon was used. Moreover, the victim testified that he was forced by the three assailants to remove his belt, shirt, and wallet.
Defendant correctly contends that the State did not introduce evidence that he personally held the knife or took the victim's things by force. However, as a principal, he is charged with the responsibility for the actions of his cohorts. LSA-R.S. 14:24 provides that: "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
The victim testified that Ernest Anderson, the defendant, was present when Marshall and the victim entered the house and that he was involved in the commission of the crime. This is evidence that he was there and actively participated in forcing the victim to remove items of clothing and his wallet and give them to the three men.
LSA-R.S. 14:44 proscribes aggravated kidnapping as follows:
"Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control:
"(1) The forcible seizing and carrying of any person from one place to another; or
"(2) The enticing or persuading of any person to go from one place to another; or
"(3) The imprisoning or forcible secreting of any person."
LSA-R.S. 14:27, the attempt statute, provides that:

*279 "Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose."
Defendant argues that no force was used in seizing and carrying the victim. He complains that even if force was used, it was not he who used said force.
The victim testified that after he was robbed at the house, he was tied and taken outside to his own car. Gaines stated that Anderson led him to the car and forced him inside the vehicle. Anderson's two accomplices, McDonald and Marshall, accompanied them to the car and also got into the car. Anderson then drove off with Gaines in the back seat with his hands bound.
Thus, we conclude that Anderson personally used force in seizing and carrying the victim.
Assignment of Error No. 8 is without merit.

ASSIGNMENT OF ERROR NO. 9
In Assignment of Error No. 9, defendant complains that the trial court erred in denying his motion for a mistrial. Defendant based his motion upon the prosecutor's alleged improper questioning of defendant regarding a prior arrest. The objectionable question arose as follows:
"Q. You said that your attorney asked you, you said you hadn't been in any trouble since you've been out of Angola.[2] Is that exactly correct?
"A. I haven't been in jail, that's right.
"Q. Were you arrested for theft since then?" (Tr. p. 371.)
Defense counsel immediately objected and the trial court sustained the objection. Defense counsel moved for a mistrial, relying upon LSA-R.S. 15:495, which provides:
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to the conviction, and as provided herein."
The State argues that a mistrial is not required under LSA-C.Cr.P. Art. 770 because it provides that "a mistrial shall be ordered when a remark or comment, made within the hearing of the jury . . . refers directly or indirectly to . . . [a]nother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible . . ." (Emphasis added.) The State contends that because defendant was tried by a judge and not a jury, even if error is presumed, it was harmless.
Initially, we note that defendant's objection was sustained. Therefore, defendant was not requested to answer the question.
A pure question is "one which, while probing for inadmissible evidence, does not present any facts allegedly constituting the other crime to the jury." State v. Hatch, La., 305 So.2d 497 (1974). "Assertive questions are those which place before the jury the details concerning the other crime." (Emphasis added.) State v. Hatch, supra.
In the instant case, the defendant was asked, "Were you arrested for theft since then?" This is a pure question.
We have held that the asking of a pure question relating to a prior arrest is harmless error. State v. Hatch, supra; State v. Maney, 242 La. 223, 135 So.2d 473 (1961); *280 cf. State v. Guillot, La., 277 So.2d 146 (1973).
In the instant case, the question propounded by the prosecutor was merely interrogatory. Before the defendant could reply, defense counsel objected, and the court sustained the objection. The trial judge was correct in denying defense counsel's motion for a mistrial. The objectionable question was not answered by the witness. Moreover, there was no jury involved. The trial judge was capable of disregarding the question. No prejudice resulted, and the defendant received a fair trial. Thus, the motion for a mistrial was properly denied.
Assignment of Error No. 9 is without merit.
For the reasons assigned, defendant's conviction and sentence are affirmed.
DIXON, J., concurs.
TATE, J., dissents and assigns reasons.
CALOGERO, J., dissents for reasons assigned by TATE, J.
DENNIS, J., concurs, but disagrees with the reasons assigned on assignment No. 9.
TATE, Justice, dissenting.
I respectfully dissent. In my opinion, Assignment 5 presents reversible error. It concerns the denial of the defendant's cross-examination of the victim concerning whether the latter had engaged in homosexual relations.
Normally, the private sexual practices of a witness are irrelevant to any inquiry in the case. Here, however, the defense was that the victim had voluntarily come to a house with a co-defendant (Marshall) in order to engage in homosexual relations: i. e., that he had not been kidnapped and brought there, as charged. Upon cross-examination, the victim denied that he had come to the house for homosexual relations with Marshall or that he had engaged in such relations with Marshall.
He was then asked whether he had engaged in such immoral relationships with anyone else (other than Marshall). The state's objection to this query was improperly sustained, in my opinion. If (for instance) the witness admitted to recent or frequent homosexual relationships, his denial of Marshall's version of the incident might be far less credible. While the cross-examination is distastefuland would be normally irrelevant, such cross-examination is here directed at the victim's credibility concerning a central issue of the accused's defense.
The cross-examination in this instance was thus both material and relevant. Its denial therefore violated not only the accused's statutory right of cross-examination of opposing witnesses, La.R.S. 15:280, but also his confrontation rights under the state and federal constitutions. These include meaningful cross-examination of witnesses against him. State v. Giordano, 259 La. 155, 249 So.2d 558 (1971).
Accordingly, I respectfully dissent.
NOTES
[1] The victim testified that his car door was opened and a sharp instrument was put in his side and that he surrendered his belt when Marshall asked for it.
[2] During direct examination, defense counsel asked defendant, "Have you ever been in any trouble since then [1966when defendant was released from Angola after serving a burglary sentence]?" (Tr. p. 358.)