**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-30019**
_____

**GEORGE PRATT, JR.,**

**Petitioner-Appellee,**

**versus**

**BURL CAIN, Warden, Louisiana State Penitentiary,**

**Respondent-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
_____

May 20, 1998

Before BARKSDALE, BENAVIDES, and DENNIS, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

In this challenge to habeas relief conditionally granted to George Pratt, Jr., at issue is whether, pursuant to LA. CODE CRIM. PROC. ANN. art. 770 (West 1981) (mistrial for objected-to references by the State to inadmissible evidence of other crimes committed by the defendant), Pratt's counsel's failure to object to the prosecutor's references to Pratt's involvement with illegal drugs, both in questions on cross-examination of Pratt and during rebuttal closing argument, constitutes ineffective assistance of counsel, violative of the Sixth Amendment. The district court concluded that it did. We **REVERSE** and **RENDER**.

A Louisiana jury convicted Pratt for the second degree murder of Leo Washington. *State v. Pratt*, 653 So. 2d 174, 176 (La. Ct. App.), *writ denied*, 662 So. 2d 9 (La. 1995). The State presented evidence that, on 19 November 1992, in a parking lot in Monroe, Louisiana, Washington demanded payment from Pratt for cocaine seized by police due to Pratt's being an informant; that, when Pratt claimed he could not pay, Washington began hitting Pratt in the head; that Pratt pulled a gun from his back pocket and fired it at Washington, who was unarmed and ran; that, while firing the gun, Pratt pursued Washington; that Pratt followed Washington into a nearby residence, firing once while inside; and that Washington died of a single gunshot wound to the chest. *Id*. at 175-76.

Along this line, the theory of the defense was that Washington and his family were involved in drug-trafficking; that Pratt, acting as an informant for the Houston, Texas, Police, had caused the arrest of two of Washington's nephews and the loss of the cocaine; and that the fight and shooting arose out of Washington's demand that Pratt pay him $10,000 for the lost cocaine. *See id*. at 175.

The following testimony was presented at Pratt's trial. On cross-examination of the State's first witness, *Pratt's counsel* elicited evidence that Washington's two nephews were in jail in Houston on a cocaine charge. On cross-examination of another of the State's witnesses, Bessie Washington (the victim's sister), *Pratt's counsel* asked whether any of the persons involved used

drugs; and whether the homicide arose out of problems stemming from the arrest of Washington's nephews.  And, on cross-examination of the State's final witness, Monroe Police Detective Kerry Black, *Pratt's counsel* elicited evidence that Bessie Washington had told Detective Black that there was "bad blood" between Pratt and the Washington family stemming from a cocaine arrest in Houston.

Pratt testified in his own defense.  *On direct examination, his counsel* elicited testimony that Washington thought Pratt owed him $10,000, because Pratt had informed on Washington's nephews and caused their arrest, as well as confiscation of two "big bags" of cocaine; that Pratt had a prior conviction for attempted possession of cocaine in 1989; and that Pratt was "on drugs" in 1986 or 1987.

The following exchange occurred on cross-examination of Pratt:

> Q. The two nephews that got arrested in Houston, you went with them over there didn't you?
>
> A. Sir?
>
> Q. You went with the two nephews to Houston didn't you?
>
> A. Yes, sir.
>
> Q. You were also going over there to get some drugs weren't you?
>
> A. No, sir.

Pratt's counsel did not object.

In closing argument, Pratt's counsel stated:

> Quite candidly perhaps Leo [Washington] deserved it.  Leo Washington, I believe it is clear, was a drug dealer.  My client was an informant, informed on Leo's money, Leo's two cousins who are in jail in Texas.  Leo didn't like that.  Leo frightened my client.

- 3 -

> > ....

> > [Leo] [g]ot in an argument, over dope money that he lost, his $10,000. Drug dealers ... get killed when they're trying to pressure informants, when they're trying to pressure people, and that's what happened here.

During rebuttal closing argument for the State, the prosecutor stated:

> > [Pratt's] on trial for murder. *He's not going to get up on that stand and tell you that he's not a drug dealer.* What's not clear from the testimony that his attorney brought out at trial is why was Leo Washington asking him for $10,000.00 if he just went to Houston to visit some of Leo's relatives. If he wasn't involved in something himself why would he even give Leo some money. Why? It doesn't make sense. It's a smoke screen. You still can't kill somebody regardless of what you may think about Leo [Washington]. The defense has put Leo Washington on trial. He is not on trial, he was a living, breathing human being. He's no longer a living, breathing human being, he's dead. He can't come into this courtroom and he can't talk to you and tell you what he was thinking or *he can't tell you that George Pratt was the one involved with drugs*.

(Emphasis added.) Pratt's counsel did not object to the references to drugs.

Pratt was sentenced to life in prison without benefit of probation, parole, or suspension of sentence. After obtaining new counsel, he moved for a new trial, on the ground that his trial counsel rendered ineffective assistance by failing to object: to the State's cross-examination of Pratt about accompanying Washington's nephews to obtain drugs; and to the State's rebuttal closing argument, in which Pratt was referred to as a drug-dealer. Pratt maintained that a mistrial would have been granted had

- 4 -

counsel objected.  After conducting a hearing, the trial court denied the motion.

Pratt appealed, claiming error in the denial of his new trial motion.  Noting that an ineffective assistance claim is usually properly raised in seeking collateral relief, the state court of appeal found the record sufficient to instead consider the claim on direct appeal.  *Pratt*, 653 So. 2d at 176.  The court affirmed, holding that, even assuming the prosecutor's response to Pratt's evidence and argument was improper and Pratt's counsel rendered deficient performance by not objecting, Pratt had not demonstrated a reasonable probability that, but for the State's references to other crimes, the outcome would have been different.  *Id*. at 177-78.  The court stated: "[E]ven if counsel had moved for a mistrial and it had been granted, there is no reasonable probability that the outcome of a new trial would have been different".  *Id*. at 178. The Louisiana Supreme Court denied Pratt's application for a writ of certiorari.  *State v. Pratt*, 662 So. 2d 9 (La. 1995).

In March 1996, Pratt filed for federal habeas relief, raising the same ineffective assistance claim:  that his trial counsel's performance was deficient, because he failed to object when the prosecutor referred to uncharged drug-dealing, both during cross-examination and in closing argument; and that he was prejudiced by that deficient performance, because, under state law,  an objection would have resulted in a mandatory mistrial.

Concluding both that an evidentiary hearing was not necessary and that the state court records provided a sufficient basis for

- 5 -

resolving the sole issue presented, the magistrate judge recommended habeas relief, on the basis that Pratt's trial attorney's performance was deficient when he failed to object to the prosecutor's remarks and ask for a mistrial; and that Pratt had shown prejudice, because an objection would have resulted in a mandatory mistrial. The district court overruled the State's objections to the recommendation, and ordered that Pratt be discharged from custody unless the State rearraigned him within 60 days after the date of the judgment.[1]

## II.

The Supreme Court's "decisions have emphasized that the Sixth Amendment right to counsel exists 'in order to protect the fundamental right to a fair trial.'" *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 684 (1984)).

> [T]he right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

*United States v. Cronic*, 466 U.S. 648, 658 (1984).

---

[1] Although the State timely appealed, it did not seek a stay of the district court's order, and kept Pratt in custody beyond the 60-day limit before rearraigning him. In his brief, Pratt contended that the State's institution of a new prosecution mooted this appeal. At oral argument, however, he conceded that it is not moot. *See Calderon v. Moore*, 518 U.S. 149 (1996). As noted by counsel at oral argument, Pratt, of course, will not be re-tried unless we affirm the habeas relief.

The standard for prevailing on an ineffective assistance of counsel claim is well-known. Pratt was required to show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense". *Strickland*, 466 U.S. at 687. Of course, Pratt must succeed on both prongs. In maintaining that Pratt was not denied his right, under the Sixth Amendment, to effective assistance of counsel, the State contends that not objecting to the prosecutor's references to Pratt's involvement with drugs was part of a sound trial strategy (therefore, no deficient performance); and, in the alternative, that the district court erroneously interpreted Louisiana law as mandating a mistrial had Pratt's counsel so objected (therefore, no prejudice).

An ineffective assistance claim presents mixed questions of law and fact; accordingly, we review *de novo* the conclusion that Pratt received ineffective assistance of counsel. *E.g.*, *Earhart v. Johnson*, 132 F.3d 1062, 1065 (5th Cir. 1998); *Ricalday v. Procunier*, 736 F.2d 203, 206 (5th Cir. 1984). In this regard, because Pratt filed his habeas petition prior to 24 April 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), pre-AEDPA law applies. *See* *Green v. Johnson*, 116 F.3d 1115 (5th Cir. 1997).

And, although state court findings of fact made in the course of deciding an ineffective assistance claim are presumptively correct under pre-AEDPA 28 U.S.C. § 2254(d), determinations regarding the adequacy of counsel's performance and prejudice are mixed questions of law and fact to which that presumption does not

apply.  *See* **Westley v. Johnson**, 83 F.3d 714, 720 (5th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 773 (1997); **Amos v. Scott**, 61 F.3d 333, 348 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995). Therefore, we must independently review the state appellate court's conclusion that Pratt did not receive ineffective assistance of counsel.

The district court's conclusion that Pratt's trial counsel's performance was deficient because he did not object to the State's questioning and argument regarding Pratt's alleged involvement with drugs, and that Pratt was prejudiced by that deficient performance, was premised on LA. CODE CRIM. PROC. ANN. art. 770 (West 1981).  The court ruled that, under Article 770, and had counsel objected, a mistrial would have been mandatory.  Article 770 provides, in pertinent part:

> Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
>
> ....
>
> (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible....
>
> ....
>
> An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial.  If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.

The State contends that, because the failure to object was part of a sound trial strategy, the district court erroneously found deficient performance; and, in the alternative, that Pratt was not prejudiced, because the court misinterpreted Article 770 as mandating a mistrial had counsel objected.

## A.

To prove deficient performance, the first of the two prongs for satisfying a constitutional ineffective assistance claim, Pratt must show that his counsel's actions "fell below an objective standard of reasonableness". *Strickland*, 466 U.S. at 688. "Our scrutiny of counsel's performance is highly deferential, and we must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time". *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (brackets, internal quotation marks, and citation omitted).

In other words, Pratt must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997) (internal quotation marks and citation omitted). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness". *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (internal quotation marks and citation omitted).

As noted, the issue at hand was presented in state court on direct appeal, not habeas review. And, the record in district court consisted only of the state court record. In short, for collateral review purposes, no new evidence, such as an affidavit by Pratt's trial counsel, was made part of the record.

In any event, the apparent defense strategy was to negate the crime of murder, or to reduce it to manslaughter, by portraying the victim, Washington, as a drug-dealer who provoked the shooting by demanding that Pratt repay $10,000, the value of cocaine allegedly lost when Washington's nephews were arrested after Pratt allegedly informed the police about their drug-dealing. It would seem Pratt's counsel knew that, by employing this strategy, including by asking Pratt on direct examination about his involvement with drugs, the State would — *and could*, as discussed *infra* — make references, as it did, to Pratt's drug-activities.

In the light of the strong evidence that Pratt committed second degree murder — after all, he chased Washington, who was unarmed, into a house, shooting at him several times — it is quite arguable that Pratt has not overcome the strong presumption that his counsel exercised reasonable professional judgment in employing such strategy. As the state trial court noted in denying Pratt's new trial motion, the strategy was almost successful: the jury voted only ten-to-two to convict.

B.

But, even assuming that the failure to object was not part of a sound legal strategy and that, therefore, Pratt has shown

- 10 -

deficient performance, he must, of course, still show prejudice. To prove prejudice, the second prong, Pratt must show that "there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different". **Strickland**, 466 U.S. at 694 (emphasis added). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding. **Id.**

When distilled, the prejudice question becomes whether, because Pratt's counsel did not object, Pratt was deprived of the procedural right, vested by Article 770, to a mistrial/new trial. In this regard, the application in **Lockhart** of the **Strickland** prejudice prong guides the way. **Lockhart** reminds that the prejudice prong

> focuses on ... whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.

**Lockhart**, 506 U.S. at 372 (citations omitted).

Admittedly, Article 770 — "[u]pon motion of a defendant, a mistrial shall be ordered" — appears to mandate a mistrial whenever a prosecutor refers to inadmissible evidence of another crime alleged to have been committed by the defendant, and the defendant so moves. However, the rule has not been interpreted or applied quite so broadly.

In **State v. Gay**, the Louisiana Court of Appeal for the Second Circuit addressed a Sixth Amendment ineffective assistance of

counsel claim based, in part, on counsel's failure to object and move for a mistrial under Article 770, when the prosecutor referred to other alleged crimes committed by the defendant. **State v. Gay**, 616 So. 2d 1290, 1295-98 (La. Ct. App.), *writ denied*, 624 So. 2d 1223 (La. 1993). The court stated in that case: "To be within the scope of Article 770(2), the remark complained of must be an unambiguous reference to crimes alleged to have been committed by the defendant". **Id**. at 1296-97. Of course, as noted in that case, there are exceptions to Article 770's mandating mistrials.

First, "the Louisiana Supreme Court has held that failure to grant a mistrial is not reversible error when the question asked is purely 'interrogatory'...." **State v. Cotten**, 438 So. 2d 1156, 1161 (La. Ct. App. 1983) (quoting **State v. Anderson**, 358 So. 2d 276 (La. 1978); **State v. Hatch**, 305 So. 2d 497 (La. 1974), *cert. denied*, 423 U.S. 842 (1975); and **State v. Huizar**, 414 So. 2d 741 (La. 1982)), *writ denied*, 444 So. 2d 606 (La. 1984).

Second, "references to inadmissible evidence of other crimes do not apply to evidence of words or actions which form an integral part of the charged offense, formerly res gestae". **State v. Gay**, 616 So. 2d at 1297.

Third, as referenced in note 2 *infra*, "a mistrial is not mandated where, considering the totality of the evidence, there is no reasonable probability that, absent the error, the trier of fact would have had a reasonable doubt respecting the defendant's guilt...." **Id.**; *see also* **State v. Johnson**, 622 So. 2d 845, 852 (La. Ct. App. 1993) (prosecutor's reference in closing argument to

uncharged crime of possession of cocaine with intent to sell was not so prejudicial as to warrant a mistrial).

And, fourth, the rule does not apply "when the defendant has 'opened the door' to evidence of other crimes." *State v. Gay*, 616 So. 2d at 1297; *see also* *State v. Cotten*, 438 So. 2d at 1162-63 (where defendant testified on direct examination about his previous arrest record, questions posed by prosecution about such arrests "do not constitute impermissible references to other crimes" and Article 770(2) is inapplicable). In other words, "[a] mistrial is not required when the prosecutor's references or questions can be classified as responsive to an issue which the defendant himself has brought into the case". *State v. Gay*, 616 So. 2d at 1297.

Obviously, the latter exception is particularly relevant here. Pratt's counsel introduced evidence of drug-dealing into the case, through cross-examination of the State's witnesses *and* in Pratt's case-in-chief. Especially significant is Pratt's testimony *on direct examination* that he was "on drugs" in 1986 or 1987; that he was convicted of attempted possession of cocaine in 1989; and that there was "bad blood" between him and Washington, because Washington thought Pratt had informed on his nephews, causing their arrest and the loss of $10,000 worth of cocaine. Finally, in closing argument, *Pratt's counsel argued* that Washington "perhaps" deserved to be murdered because he was a drug-dealer.

Under these circumstances, the State's cross-examination of Pratt regarding whether he accompanied Washington's nephews to obtain drugs, and the prosecutor's characterizations, during

closing argument, of Pratt as a drug-dealer were responsive to Pratt's evidence and argument, which attempted to portray Washington as a drug-dealer and Pratt as, instead, an innocent informant. In short, the challenged State conduct falls outside the prohibition of Article 770(2).

Accordingly, had an objection been made, it would not have resulted in a mistrial. Therefore, Pratt was not deprived of a procedural right to one. There was no prejudice.[2]

### III.

For the foregoing reasons, the judgment granting habeas relief is **REVERSED**, and judgment is **RENDERED** denying Pratt habeas relief.

*REVERSED and RENDERED*

---

[2] Left for another day, in another case, is the following possible question, prompted in part by one of the earlier-discussed state court exceptions to application of Article 770(2) and by possible tension between state rules of procedure and federal habeas constitutional fundamental fairness questions, as well as by possible tension between *Strickland* and *Lockhart*: even when the *procedural right* to a mistrial is shown pursuant to Article 770(2), does this concomitantly satisfy the requisite *Strickland* unconstitutional prejudice prong?

- 14 -