UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-31342
_____


KEVIN ANDERSON,

        Appellant

VERSUS


BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

        Appellee

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(99-CV-1415)
_____

December 18, 2001

Before JOLLY and PARKER, Circuit Judges, and MILLS[*], District
Judge.

PER CURIAM:[**]

    The Appellant, Kevin Anderson ("Anderson"), seeks a writ of

habeas corpus due to ineffective assistance of counsel.  He argues

_____

    [*] District Judge of the Central District of Illinois, sitting
by designation.

    [**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

that he lost his trial for armed robbery and attempted murder because his trial counsel failed to object to the introduction of certain inadmissible hearsay testimony.  We conclude that it was not unreasonable for the state court to find that Anderson was not prejudiced by trial counsel's error.  Therefore, we DENY the petition.

I.   **FACTS AND PROCEDURAL HISTORY**

On February 4, 1993, an Orleans Parish jury convicted Anderson of the armed robbery and attempted first degree murder of George Lewis ("Lewis").  The conviction was based upon the following evidence.

On November 8, 1991, Lewis and his cousin, Patrick Leon ("Leon"), were riding their bikes.  Lewis was stopped by an individual, armed with a gun, who attempted to rob him of his Los Angeles Raiders starter jacket.  The individual was later identified by both Leon and Lewis as Brian Bordenave.  When Lewis resisted the robbery, Bordenave opened fire, shooting Lewis in the hand.  As Lewis attempted to escape, Bordenave shot Lewis two more times.  After Lewis collapsed, Bordenave took the jacket.  He then left in a gray-blue station wagon occupied by two other individuals.

At trial, both Lewis and Leon testified that, when Bordenave stopped Lewis, a second individual was standing some distance away. This individual urged Bordenave to "get the jacket" and moved

2

closer to him in a gesture of support. After the shooting and robbery, the second individual joined the gunman in the station wagon where they were driven away by a third party. Although Lewis never could identify this second individual, Leon identified Anderson as the second individual.

On November 13, 1991, New Orleans Police Officers attempted to stop the gray-blue station wagon for license plate violations. The driver of the station wagon tried to escape, but the police trapped the station wagon. Three individuals quickly exited and attempted to escape from the police on foot. The police caught two of the three individuals, Bordenave and Jerome Eggerson. The third individual escaped. No police officer was ever able to identify the third individual.

At trial, the State introduced testimony about the November 13, 1991 incident from Officer Kenny Watzke. Officer Watzke testified that the third individual pointed a gun at him during his escape. More importantly, he testified that Jerome Eggerson made an out-of-court statement which identified Anderson as the third individual involved in the car chase incident.[3] This hearsay

---

[3] Eggerson's identification of Anderson was actually introduced to the jury in an indirect manner. In response to a question about who was in the back seat of the station wagon, Officer Watzke stated that it was Anderson. However, Officer Watzke admitted that he could not personally identify Anderson as the individual in the back seat of the vehicle. He merely relied on Eggerson's identification of Anderson. It is undisputed that Eggerson did not testify during court. Therefore, it is clear that Officer Watzke's testimony placing Anderson in the vehicle was hearsay testimony.

3

testimony was not objected to by trial counsel for Anderson. Finally, the State introduced evidence that the police stopped a cab in which Anderson was riding on November 15, 1991. Police officers testified that Anderson attempted to evade police, but was subsequently apprehended. Anderson was then arrested for possession of two concealed weapons.

Anderson appealed his conviction to the Louisiana Fourth Circuit Court of Appeals. The Fourth Circuit reversed Anderson's conviction for the attempted first degree murder of Mr. Lewis due to insufficient evidence and vacated his sentence on that charge. The appellate court also reversed Anderson's conviction for armed robbery because the evidence concerning the November 13 and 15 incidents was inadmissible "other crimes" evidence and its introduction was not harmless error. The Fourth Circuit concluded that Leon's positive identification of Anderson was not so overwhelming as to establish beyond a reasonable doubt that the jury verdict would have been the same without the damaging "other crimes" evidence.

After granting the State's writ application, the Louisiana Supreme Court reversed the Fourth Circuit's decision on the admissibility of the "other crimes" evidence, and reinstated both Anderson's armed robbery conviction and sentence and attempted murder conviction, albeit modified to attempted second degree

murder.  After the reinstatement of the convictions, Anderson sought post-conviction relief in a Louisiana trial court.  He argued that his constitutional right to effective assistance of counsel had been violated because his trial counsel had not objected to inadmissible hearsay evidence.  The trial court denied the relief requested.  Anderson appealed to the Louisiana Fourth Circuit Court of Appeals once again.

The Fourth Circuit assessed Anderson's ineffective assistance of counsel claim under the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1994).  The Fourth Circuit determined that trial counsel's failure to object to the inadmissible hearsay evidence was deficient, however, it also found that Anderson was not prejudiced by the failure to object.  It, therefore, denied the ineffective assistance of counsel claim.

Anderson subsequently filed his application for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Louisiana.  Anderson made the same ineffective assistance of counsel argument.  The district court also rejected his contention, finding that trial counsel's error was not sufficiently prejudicial under *Strickland*.  Anderson appealed to our court.

## II.  JURISDICTION

This is an appeal from the final order of the district court denying habeas corpus relief.  The district court issued a

5

certificate of appealability.  We have jurisdiction.  *See* 28 U.S.C. § 2253.

## III. STANDARD OF REVIEW

Under the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), we cannot issue a writ of habeas corpus concerning "any claim that was adjudicated on the merits in State court proceedings" unless the state court's adjudication of that claim unreasonably applied clearly established federal law.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Factual findings of the state court are presumed to be correct unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  Anderson's claim is a mixed question of law and fact.  *See Pratt v. Cain*, 142 F.3d 226, 230 (5th Cir. 1998)(determinations regarding the adequacy of counsel's performance and prejudice are mixed questions of law and fact).

## IV.  DISCUSSION

Ineffective assistance of counsel claims are governed by *Strickland*.  To obtain federal habeas relief, Anderson must prove two components: (1) deficient performance on the part of his trial

6

counsel; and (2) that he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687. To prove deficient performance, Anderson must show that counsel's actions "fell below an objective standard of reasonableness." *Id.* at 698. To prove prejudice, he must demonstrate "that there is a reasonable probability that but for counsel's unprofessional errors, the result . . . would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## A.  Deficient Performance

The Fourth Circuit's post-conviction opinion implicitly finds that trial counsel's performance was deficient under the first prong of the *Strickland* test. This finding is correct. Eggerson's out-of-court hearsay statement was the critical piece of evidence in the case as it allowed the "other crimes" evidence to be admissible. Louisiana courts have held that the failure to object to the introduction of such damaging hearsay evidence "presents a textbook unprofessional error." *State v. Sanders*, 648 So. 2d 1272, 1292 (La. 1994). Therefore, Anderson has satisfied the first prong of the *Strickland* test.

## B.  Prejudice

Anderson argues that he was prejudiced by the failure to object to the hearsay testimony. We disagree. The trial court record establishes that Leon positively identified Anderson as a

perpetrator of the armed robbery/attempted second degree murder in a photographic lineup and at trial. Leon testified that he heard Anderson say, "Get the jacket. Get the jacket. Let's go." Moreover, Leon testified that he had a good look at both Bordenave's face and Anderson's face during the commission of the crime because they were only a few feet away from him when the incident occurred. Finally, we note that Leon completed part of his testimony by stating that he was certain Anderson was the "other man" involved in the shooting.

## V.    CONCLUSION

Based upon the strength of Leon's identification, we conclude that it was not unreasonable for the Fourth Circuit to find that Anderson was not prejudiced by his counsel's failure to object to the inadmissible hearsay.[4]    Consequently, the district court's judgment is AFFIRMED.

---

[4] Anderson contends that the Fourth Circuit's post-conviction determination that he was not prejudiced conflicts with its earlier direct appeal decision which found that the Leon identification was "not so overwhelming as to establish beyond a reasonable doubt that the verdict would have been the same absent the error." We express no opinion as to whether there is a conflict between these two decisions. Instead, we simply note that the Fourth Circuit applied the *Strickland* prejudice prong to the facts of this case in a manner that was not unreasonable.

8